# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

D'ANGELO LEE KOMANEKIN,
        Plaintiff,

v.                                                     Case No. 05-C-0924

STATE OF WISCONSIN and
WARDEN OF GREEN BAY CORRECTIONAL INSTITUTION,
        Defendants.

## DECISION AND ORDER

        Plaintiff D'Angelo Lee Komanekin, who is incarcerated at Green Bay Correctional Institution, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, along with a request to proceed in forma paupris. As a prisoner, plaintiff is required to pay the statutory filing fee of $250 for this action, though he may be permitted to do so in installments. See 28 U.S.C. § 1915(b)(1). He has been assessed and paid an initial partial filing fee of $2.50.

        Nevertheless, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless

legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2005).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (stating that there is no heightened pleading requirement for pro se prisoner

civil rights complaints). Of course, if a complaint pleads facts which show that the plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

In his complaint, plaintiff alleges that while he was incarcerated at the Wisconsin state prison at Oshkosh unidentified outside law enforcement officers "forced [him] to give a false statement against [his] penal interest by conditions of torture." (Compl. ¶ IV.A.) The statement was apparently then used against him in a prosecution for dealing drugs in the prison. (See id. ¶ IV.B. and attachments to the complaint.) In his request for relief, plaintiff states:

> I seek to withdraw the plea(s) entered in Winnebago County related directly to my conviction in case no. 00-CF-432 & 00-CF-319. That by conditions of torture I was prevented from a trial by the forced statement. I seek to withdraw the plea(s) entered. This is my only relief I seek.

(Id. ¶ V.)

Section 1983 provides relief for individuals deprived by a person acting under color of law of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. In contrast, habeas corpus provides state prisoners being held in "custody in violation of the Constitution or laws or treaties of the United States" a means to challenge their convictions and confinement. 28 U.S.C. § 2254.

In the present case, plaintiff alleges that he was tortured into confessing, and he seeks to withdraw his pleas to criminal charges. He does not name as defendants the officers who allegedly tortured him, nor does he seek monetary damages for the alleged torture. Instead, he names the State of Wisconsin and the warden of the institution where he is currently confined. Thus, his complaint presents a challenge to the fact or duration of

3

his confinement, which can only be brought via a petition for habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (holding that habeas corpus is the exclusive remedy for prisoners seeking release from custody). A prisoner in state custody cannot use § 1983 where success would result in invalidation of his conviction and sentence. Heck v. Humphrey, 512 U.S. 477, 481 (1994). A § 1983 action is barred (absent prior invalidation of the conviction) – no matter the relief sought or the target of the prisoner's suit – if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Wilkinson v. Dotson, 125 S. Ct. 1242, 1248 (2005).

Although it is possible to convert a plaintiff's civil rights action to a habeas corpus action, such re-characterization is disfavored. See, e.g., Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005); Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002); Moore v. Pemberton, 110 F.3d 22, 23-24 (7th Cir. 1997). The Seventh Circuit has warned that there are pitfalls of different kinds for prisoners using the wrong vehicle, and important differences between civil rights and habeas actions. "In most cases, therefore, the district court should evaluate cases as the plaintiffs label them." Glaus, 408 F.3d at 388. The court has specifically warned that

> when a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be "converted" into a habeas corpus suit and decided on the merits. It should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus. The reasons are various, and include the fact that habeas corpus for state prisoners requires exhaustion of state remedies and that prisoners generally are limited to seeking federal habeas corpus only once.

Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (internal citations omitted).

Accordingly, plaintiff's case will be dismissed but without prejudice to the filing of a habeas action. The court is not making a decision on the ultimate merit of such an action.

4

Plaintiff may re-file under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits. The refiling of plaintiff's claim as a petition for a writ of habeas corpus may have certain consequences. For example, an individual seeking a writ of habeas corpus must satisfy different exhaustion requirements than a person seeking relief under § 1983. See Glaus, 408 F.3d at 388.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to submit the initial partial filing fee (Docket # 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as failing to state a claim upon which relief may be granted, but without prejudice to filing a habeas corpus action.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $225.50 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20 percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of court each time the amount

in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case number and number assigned to this action.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13 day of January, 2006.

/s_____
LYNN ADELMAN
District Judge